IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN M. PAQUETTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANK BISIGNANO,[1] Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-24-1201-PRW |

## ORDER

On July 9, 2025, United States Magistrate Judge Suzanne Mitchell issued a Report & Recommendation (Dkt. 22) ("R&R") in this action by Plaintiff Justin M. Paquette seeking judicial review of the Defendant's final decision that Plaintiff is not disabled. Magistrate Judge Mitchell recommends that the Court affirm the decision of the Social Security Administration ("SSA"). The parties were advised of their right to object to the Report and Recommendation by July 23, 2025. Plaintiff timely filed an objection (Dkt. 23) and the Commissioner responded (Dkt. 24). For the reasons discussed below, the Court **ADOPTS** the R&R (Dkt. 22) in full and **AFFIRMS** the SSA's decision.

---

[1] Plaintiff's Complaint named Martin O'Malley, former Commissioner of the Social Security Administration, as the Defendant in this action. Pursuant to Fed. R. Civ. P. 25(d), the current Commissioner of the Social Security Administration, Frank Bisignano, is automatically substituted as the Defendant.

1

## *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] Proper objections must be both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation "under any standard it deems appropriate."[5] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[6] Finding none, the Court turns to Paquette's specific objections.

Additionally, a party may not use his objections to raise new arguments that he did not raise before the magistrate judge. The Court deems such arguments waived.[7] In reviewing this matter, the Court bears in mind the relevant legal touchstones: first, that the opinion of the administrative law judge (the "ALJ") need only be supported by substantial evidence in the record,[8] which is "more than a scintilla, but less than a preponderance";[9]

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[4] *Id.*

[5] *See Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[6] *Id.*

[7] *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996).

[8] *See* 42 U.S.C. § 405(g); *see also Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 759, 760 (10th Cir. 2003).

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

and second, that when examining the ALJ's factual conclusion, the Court must "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[10] Further, legal error requires reversal only if Plaintiff can demonstrate that such error was harmful.[11]

## *Discussion*

Plaintiff's Objection is aimed more so at the ALJ's determination that Plaintiff could interact with coworkers and supervisors, rather than Judge Mitchell's findings. Plaintiff first highlights the ALJ's failure to consider how two differing medical opinions regarding Plaintiff's bipolar disorder symptoms could lead to a determination that Plaintiff can appropriately interact with coworkers and supervisors. However, the ALJ was not required to "address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning."[12] And as Judge Mitchell noted, even if the ALJ could draw differing conclusions from the evidence, that does not mean the ALJ's conclusion was unsupported by the requisite substantial evidence.[13] Plaintiff argues that the ALJ's conclusion that Plaintiff can accept criticism to such a level as being able to operate in a workplace is not supported by the ALJ's observation that Plaintiff often "presented with euthymic mood, appropriate affect, linear

---

[10] *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013); *see also Collins v. Colvin*, 640 F. App'x 698, 701 (10th Cir. 2016) (rejecting arguments that "appear to question the ALJ's assessment of the evidence and urge the court to reweigh the evidence" since "[i]t is well settled . . . that [courts] do not reweigh the evidence or substitute [their] discretion for the agency's").

[11] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)

[12] *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024)

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)

3

thought process, and good or excellent attention span."[14] But in reviewing the record, the ALJ has provided an extensive narrative of Plaintiff's mood, evidencing that the ALJ had performed a holistic review of Plaintiff's ability to interact with the world on a month-by-month basis throughout 2022 and 2023.[15] Further, the ALJ considered the opinion from the therapist who expressed that Plaintiff has an "extreme limitation in his ability … to … interact appropriately with supervisors, coworkers, and the general public[.]"[16] The ALJ then appropriately noted that he found such opinion "inconsistent and not supported by treatment notes."[17] It should also be noted that Plaintiff did not challenge this conclusion in his opening brief. Accordingly, the ALJ's judgment will not be disturbed, as Plaintiff has not shown that the RFC was unsupported by substantial evidence. What Plaintiff is functionally asking for is this Court to re-weigh the evidence already considered by the ALJ, an ask that caselaw emphatically rejects.[18] To the extent there was legal error (and the Court has not detected any), Plaintiff has not demonstrated how it was harmful in light of the ALJ's well-reasoned, holistic review.

Plaintiff then objects to the ALJ's subjective symptom analysis of Plaintiff's claimed mental status impairments. However, Plaintiff faults the ALJ for not performing his analysis through the lens of Tenth Circuit precedent applicable to "subjective

---

[14] R&R (Dkt. 22), at 13.
[15] AR 24–27.
[16] *Id.* at 29.
[17] *Id.*
[18] *Newbold*, 718 F.3d at 1262.

allegations of *pain*[.]"[19] As previously discussed, this Court finds substantial evidence in the record supporting the ALJ's conclusion that Plaintiff's mental impairments do not inhibit his ability to work in accord with the ALJ's recommendations.

Next, as to Plaintiff's contention that the ALJ did not properly consider his refusal to take his medication, Plaintiff failed to allege this particular legal failure in his opening brief before the Magistrate's Report and Recommendation was issued, specifically, the requirement to apply the factors in *Frey v. Bowen*.[20] Accordingly, Plaintiff has waived this argument.[21]

Finally, Plaintiff argues that Judge Mitchell's Report and Recommendation failed to analyze the supposed errors of the ALJ in not considering Plaintiff's inconsistent statement of activities with his subjective statements of limitations. As Judge Mitchell pointed out, it's fair game for an ALJ to consider a claimant's expressed interest in returning to the workforce—which is what Plaintiff did by stating he's interested in owning a small business and by completing his degree—in evaluating subjective reports.[22] Common sense would indicate that someone expressing an interest in owning a small business and finishing a college degree would be weighed far heavier than subjective

---

[19] *Keyes-Zachery v. Astrue*, 695 F.3d 1156, 1166-1167 (10th Cir. 2012) (emphasis added) (internal citation omitted).

[20] 816 F.2d 508, 515 (10th Cir. 1987).

[21] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[22] R&R (Dkt. 22), at 16 (citing *Newbold*, 718 F.3d at 1267).

statements about an inability to interact with the world. The Court agrees with Judge Mitchell that the ALJ consideration of these factors was not error.

### *Conclusion*

Having carefully reviewed this matter de novo, the Court finds both that the ALJ did not legally err in arriving at his decision and that the record contains substantial evidence supporting the ALJ's decision.

Accordingly, the Court **ADOPTS** the thorough and well-reasoned R&R (Dkt. 22) issued by Magistrate Judge Mitchell on July 9, 2025, and **AFFIRMS** the decision of the SSA. Pursuant to 42 U.S.C. § 405(g), a judgment shall follow.

**IT IS SO ORDERED** this 19th day of December 2025.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE